IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TAOFEEK A. QUADRI                                            PLAINTIFF

v.                      Cause  No. 4:13-cv-04082

COMMANDER COLONEL DAVID M. HAMMONS
JOHN M. MCHUGH, *Agent of the Department of the Army*         DEFENDANTS

## REPORT AND RECOMMENDATION
## OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion to Dismiss.  ECF No. 14.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation.  In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Defendants' Motion to Dismiss (ECF No. 14) be **GRANTED.**

On September 8, 2013, Plaintiff filed this *pro se* action.  ECF No. 1.  Thereafter, on November 1, 2013, at the Court's direction, Plaintiff filed an addendum further outlining his claims.  ECF No. 5.  In this Complaint and the addendum, Plaintiff alleges discrimination and wrongful administrative separation from the U.S. Army Reserves.  *Id.*  The Parties do not dispute Plaintiff has not yet been separated from the U.S. Army Reserves, and his separation board to determine whether he should be separated is currently scheduled for June 5, 2014.

Upon review of the facts in this case, the Court finds this case is not ripe for consideration. Under Article III, there must be a case or a controversy for the Court to have subject matter jurisdiction.  *See Schanou v. Lancaster County Sch. Dist. No. 160,* 62 F.3d 1040, 1042 (8th Cir. 1995).  A claim is not ripe if the alleged injury "rests upon contingent future events that may not

occur as anticipated, or indeed may not occur at all." *281 Care Committee v. Arneson,* 638 F.3d 621, 631 (8th Cir. 2011) (*quoting KCCP Trust v. City of N. Kan. City,* 432 F.3d 897, 899 (8th Cir. 2005)). Here, there is no dispute Plaintiff has not been separated from the U.S. Army Reserves, and his separation hearing has not yet occurred. Thus, there has been no final administrative action. *See* 5 U.S.C. § 704 (1966) (allowing review of a "final agency action").

Accordingly, because this case is not ripe for consideration, Defendants' Motion to Dismiss should be **GRANTED,** and Plaintiff's case should be dismissed without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**IT IS SO ORDERED this 20th day of May 2014.**

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE

---

[1] Because this matter is not ripe for consideration, the Court will not address the other issues relevant in this case, such as whether this case is entirely barred by the *Feres* doctrine as a matter arising out of or in the course of activity incident to military service. *See Feres v. United States,* 340 U.S. 135, 146 (1950).